JOHN C. KIRKE, #175055
jkirke@donahue.com
KATHARINE L. MALONE, #290884
kmalone@Donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:   (510) 451-3300
Facsimile:   (510) 451-1527

Attorneys for Defendant
ALEXANDER YATSKOV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER YATSKOV, <br><br> Defendant. | Case No. 5:22-cv-2725-JD <br><br> **DECLARATION OF JOHN C. KIRKE** <br><br> Date:  May 16, 2022 <br> Time:  1:30 p.m. <br> Ctrm.: 11 <br> Judge: James Donato <br><br> Complaint Filed: May 6, 2022 |

I, John C. Kirke, declare:

1.  I am an attorney with the law firm Donahue Fitzgerald, LLP, which represents Defendant Alexander Yatskov in this matter. I make this declaration of my own personal knowledge, except as otherwise stated.

2.  On the morning of Monday May 9, I called lead outside counsel for Tesla Inc. and left a message and also followed up with an email. He responded quickly and set up a call. During the call, I told counsel that I was in the process of being retained. We engaged in a cordial, professional conversation regarding the case. I identified a laptop issued by Tesla, hard copies of notes, and files on my client's personal laptop as being within my client's possession, but I said that I intended to arrange for the return of Tesla materials. I proposed to have the parties jointly retain a third-party forensics computer expert and to have both laptops delivered to such an expert. I pointed out that the hearing for the TRO application had not yet been set and that I could effect the return of Tesla materials and a forensic analysis more quickly than he could attempting to obtain a TRO. Counsel said that he appreciated my call and would consult with his client and get back to me.

3.  Later that day, counsel wrote to inform me that my proposal was rejected and that Tesla required court intervention because of my client's alleged dishonesty.

4.  Also later that same day, Monday May 9, my firm and I were officially retained. I instructed my client to bring to my office the laptop issued by Tesla, his personal computer on which he performed work with Tesla, and documents created while working for Tesla: three small notebooks and drawings. Late in the day on May 9, my client delivered those items to me and two of my colleagues. A staff member and I took the computers and locked them in a secure location. I instructed a staff member to scan the notebooks and my client's Tesla badge and return them to me.

5.  On May 10, a staff member and I retrieved the Tesla-issued computer from the secure location. I placed it in a Federal Express package and instructed my assistant to send it to opposing counsel's office along with my client's badge.

6. I also instructed my assistant to email to opposing counsel the scanned documents consisting of the notebooks and drawings. Attached hereto as Exhibit A is a true and correct copy of my May 10 letter to opposing counsel in which I enclosed the Tesla issued laptop and badge and attached the scan of the hard copy documents. <u>If Tesla had agreed to my proposal of a joint retention of a third-party forensic computer expert, I would have caused the personal laptop to be delivered on May 10.</u>

7. After receiving my May 10 delivery, opposing counsel then requested the originals of the hard copies and inquired about my client's personal computer. On May 11, I sent the originals to opposing counsel along with screenshots of the Tesla-related files on my client's personal laptop. Attached hereto as Exhibit B is a true and correct copy of my May 11 letter to opposing counsel enclosing the original documents and attaching the screenshots.

8. Attached hereto as Exhibit C is a copy of my email exchanges with opposing counsel on May 9 and May 10, which confirm my efforts to effect a resolution without court intervention.

9. Even before my retention, going back to my first call with my client, I repeatedly have told my client orally and in writing that he must not alter, destroy, or delete any documents or files related to Tesla. I believe that my client has followed this instruction.

10. My client's personal laptop remains locked in a secure location.

11. Based on my experience in working on trade secrets cases, I believe that my client's ability to be employed will be compromised if a TRO is issued against him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of May, 2022 at Oakland, California.

_____
John C. Kirke

# EXHIBIT A



JOHN C. KIRKE
jkirke@donahue.com

1999 Harrison Street, 26th Floor, Oakland, CA 94612-3520
tel: (510) 451-3300 fax: (510) 451-1527
www.donahue.com

May 10, 2022

**VIA FEDEX AND ELECTRONIC MAIL**
tgraves@wsgr.com

Charles Tait Graves
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

  Re: Tesla, Inc. v. Alexander Yatskov

Dear Charles:

  My client Alexander Yatskov no longer is in possession of any Tesla documents or materials.

  Enclosed via Federal Express are the computer issued to my client by Tesla and his badge.

  Attached via email are the hard copy documents that I referenced during my call with you on the morning of May 9, 2022. Those documents bear the Bates numbers Yatskov 1-89.

          Sincerely,

          John C. Kirke

JCK:vc

Enclosures

# EXHIBIT B



JOHN C. KIRKE
jkirke@donahue.com

1999 Harrison Street, 26th Floor, Oakland, CA 94612-3520
tel: (510) 451-3300 fax: (510) 451-1527
www.donahue.com

May 11, 2022

**VIA EMAIL and FEDERAL EXPRESS**
tgraves@wsgr.com

Charles Tait Graves
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105

Re:   Tesla, Inc. v. Alexander Yatskov

Dear Charles:

Enclosed are the originals of the hard copies that I emailed to you yesterday, which you requested earlier today.

Attached to this email is a screenshot, bearing the Bates number Yatskov 90-91, of the Tesla-related files contained on my client's personal laptop. As I wrote to you earlier, the personal laptop is locked in a secure location.

Sincerely,

John C. Kirke

JCK:vc

Enclosures

# EXHIBIT C

# Virginia Chao

| | |
|---|---|
| **From:** | John C. Kirke |
| **Sent:** | Tuesday, May 10, 2022 10:19 AM |
| **To:** | Graves, Charles Tait |
| **Cc:** | Virginia Chao |
| **Subject:** | RE: Tesla v. Yatskov |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Charles,
Thank you for your email.
It is disappointing to hear that Tesla is insisting on proceeding with litigation and is passing up another opportunity to facilitate the return of materials.
I want to confirm what I told you and proposed to you during our call this morning.
I was forthright with you and told you that my client had not yet returned all materials to Tesla. He sent an email to your client requesting shipping labels, but received no response to that email. At any rate, during my call with you I identified (1) his work computer issued by Tesla; (2) files on his personal computer that he worked on for Tesla; and (3) hard copies of documents.
I proposed that you and I send these materials to a third party expert, and that I expected that I would be able to do so within 48 hours, and that there would be no need to proceed with the TRO application. Unfortunately, Tesla has refused my proposal and is insisting on unnecessarily seeking a TRO, so we will be litigating.
To that end, we will present and seek further evidence regarding my client's reasons for using his personal laptop to perform Tesla work. Upon arriving at Tesla, my client discovered that Project Dojo lacked necessary equipment and was understaffed with inexperienced personnel, with the Project being in a state of disarray. For example, the team was using cheap garden hoses, leading to substantial leaking. My client was given unrealistic demands to fix the Project and provided with a woefully inadequate laptop and unreliable access to the server that hosts the software to perform a massive amount of work. He repeatedly requested better equipment but was denied. As your client knows, the state of the failing project caused massive turnover, including the departure of the head of manufacturing on the project. My client used his much more capable personal laptop—which cost several times more than the cheap laptop Tesla issued him—to try to help save this fledgling project.
We did not discuss discovery during our call. We note that Tesla is seeking one-sided expedited discovery. Please advise whether Tesla also will respond to written discovery and produce witnesses on an expedited basis regarding such topics as the agreements upon which Tesla bases its breach of contract claims, the failed management of Project Dojo outlined above and Tesla's failure to provide my client with adequate equipment or make any effort to expedite the return of materials, such as even responding to my client's request for shipping labels.
I ask that Tesla reconsider its position rather than proceeding with the litigation.
John

---

**From:** Graves, Charles Tait <tgraves@wsgr.com>
**Sent:** Monday, May 9, 2022 1:17 PM
**To:** John C. Kirke <JKirke@Donahue.com>
**Cc:** Virginia Chao <VChao@Donahue.com>
**Subject:** RE: Tesla v. Yatskov

John,

1

Thank you for the call this morning.  We understand that you represent Mr. Yatskov.  We believe that relief from the Court is necessary here given Mr. Yatskov's deceit during his recent interactions with Tesla.  It is important that Mr. Yatskov be in a position where further dishonesty carries the possibility of contempt, to thus prevent irreparable harm to Tesla.

We should indeed move ahead with a return of Tesla's property.  You described that Mr. Yatskov has (at least ) (1) hard copy Tesla documents; (2) a Tesla-issued laptop; and (3) (at least) a personal laptop containing what Mr. Yatskov has represented as 16 Tesla files.  And, we understand that Mr. Yatskov is presently having that material delivered to your office.

As to the hard copy Telsa documents and the Tesla computer, please deliver both to me at the address below.  Tesla will then image the Telsa-issued computer.

As to personal devices, please provide us with an inventory of Mr. Yatskov's drives, computers, cloud accounts, and other storage media.  We will then need to take steps to ensure that no Tesla property was disseminated to such sources.  As to the personal computer that Mr. Yatskov identified and any other devices on which any Tesla materials have been stored, please deliver them to me at the address below.  Tesla will then image the computer and any other devices.  In addition to recovering the 16 known files, we will need to examine the images for signs of external drive insertions and the like, and we will need to run term searches to detect any other Tesla files.

We have taken your other points under consideration and can discuss them once we have studied the images.

Thank you,

Charles T. Graves
Wilson Sonsini Goodrich & Rosati
One Market Street, Spear Tower, Suite 3300
San Francisco, CA  94105

**From:** John C. Kirke <JKirke@Donahue.com>
**Sent:** Monday, May 9, 2022 11:09 AM
**To:** Graves, Charles Tait <tgraves@wsgr.com>
**Cc:** Virginia Chao <VChao@Donahue.com>
**Subject:** RE: Tesla v. Yatskov

EXT - jkirke@donahue.com

Charles,
Thank you for speaking with me.
I agree to treat the pleadings that your office sends to me as Attorneys' Eyes Only.
Thank you.
John

**From:** John C. Kirke
**Sent:** Monday, May 9, 2022 10:33 AM
**To:** Graves, Charles Tait <tgraves@wsgr.com>
**Cc:** Virginia Chao <VChao@Donahue.com>
**Subject:** RE: Tesla v. Yatskov

Also, would you mind having someone email my assistant/me all the pleadings?

Thanks.

**From:** Graves, Charles Tait <tgraves@wsgr.com>
**Sent:** Monday, May 9, 2022 9:40 AM
**To:** John C. Kirke <JKirke@Donahue.com>
**Subject:** Re: Tesla v. Yatskov

John,

I can call you at 11am if that works. Thanks.

Sent from my iPhone

> On May 9, 2022, at 8:53 AM, John C. Kirke <JKirke@donahue.com> wrote:
>
> EXT - jkirke@donahue.com
>
> Good morning counsel,
> I just left you a voicemail.
> I am in the process of being retained by Alexander Yatskov.
> I wanted to introduce myself and also discuss a possible resolution.
> Also, could you please send me all the papers that were served and filed?
> Some of the documents on PACER are redacted.
> Thanks,
> John
>
> **John C. Kirke**
> **Partner**
>
> **Donahue Fitzgerald LLP**
> **1999 Harrison Street 26th Floor, Oakland, California 94612**
> **355 S. Grand Ave. Suite 2450, Los Angeles, CA 90071**
> **jkirke@donahue.com | 510.251.7166**
> Important: This email may contain confidential or privileged information. If it is not meant for you, please do not retain, read, copy, or disseminate any part of it, and please immediately notify us. Thank you.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.