JOHN C. KIRKE, #175055
jkirke@donahue.com
KATHARINE L. MALONE, #290884
kmalone@donahue.com
HAYLEY M. LENAHAN, #343528
hlenahan@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Defendant
ALEXANDER YATSKOV

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER YATSKOV, <br><br> Defendant. | Case No. 3:22-CV-02725-JD <br><br> **NOTICE AND MOTION TO DISMISS COUNTS I AND II** <br><br> Date: June 30, 2022 <br> Time: 10:00 a.m. <br> Ctrm: 11 <br> Judge: James Donato |

# NOTICE

Pursuant Civil Local Rules 7-2 and 7-4, defendant Alexander Yatskov ("Yatskov") hereby gives notice of this Motion to Dismiss Counts I and II of the complaint filed against him by plaintiff Tesla, Inc. ("Tesla") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). This motion will be heard on June 30, 2022 at 10:00 a.m. in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

This motion asks the Court to dismiss Counts I and II pursuant to FRCP 12(b)(6). This motion is made on the grounds that dismissal pursuant to Rule 12(b)(6) is appropriate because Tesla fails to state facts upon which relief can be granted. First, Tesla fails to allege facts to support its claims that Yatskov misappropriated trade secrets by either improperly acquiring them or by disclosing or using them. Second, Tesla fails to identify any of the allegedly misappropriated "trade secrets" with particularity and instead provides vague and general descriptions. Last, Tesla has not alleged any damages as a result of the alleged misappropriation.

# MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUES TO BE DECIDED

Defendant Alex Yatskov ("Yatskov") asks the Court to dismiss the first two claims from the Complaint filed against him by Plaintiff Tesla, Inc. ("Tesla") for (1) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and (2) violation of the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

The issues presented in this motion are as follows:

The claims for trade secret appropriation in Counts I and II do not set forth claims on which relief can be granted. First, Tesla fails to show that Yatskov misappropriated a trade secret. Tesla does not plead facts that show that Yatskov – who was a Tesla employee when the complaint was filed – acquired Tesla trade secrets by improper means or that Yatskov disclosed Tesla trade secrets or used the information outside of the scope of his employment. Further, Tesla has alleged no facts to support its claim that Yatskov will disclose confidential information. Second, Tesla has not sufficiently identified a trade secret that has been misappropriated to give Yatskov notice of the

DONAHUE FITZGERALD LLP
ATTORNEYS AT LAW
OAKLAND

issue and outline the scope of discovery. Third, Tesla has not identified any damages it has suffered as a result of the alleged misappropriation of the unspecific trade secrets. For these reasons, Counts I and II should be dismissed with prejudice.

**STATEMENT OF FACTS**

Tesla hired Yatskov as a Principal Thermal Engineer on approximately January 31, 2022. Compl., ¶ 27. During the interview process, Yatskov signed an Applicant Non-Disclosure Agreement. *Id.* ¶ 21; Req. for Jud. Not. Ex. A. Yatskov was hired to help develop and improve thermal management solutions for Tesla's supercomputer, Project Dojo. Compl. ¶ 28. Tesla gave the members of Project Dojo, including Yatskov, access to confidential information concerning Project Dojo beyond just thermal-related data. *Id.* ¶ 17. Tesla provided Yatskov with a laptop to perform his work. *Id.* ¶ 29. Upon being hired, Yatskov signed a non-disclosure agreement that required Yatskov, upon termination, to "immediately return to the Company all originals and copies of all hard copy and electronic documents, files and other property of the Company in [his] possession or control or to which [he has] access." *Id.* ¶¶ 22, 30. Yatskov also signed an employment agreement with a non-disclosure provision and an additional confidentiality agreement for Project Dojo. *Id.* ¶¶ 21, 23; Req. for Jud. Not. Exs. B-C.

Tesla discovered that Yatskov had created Tesla-related documents on a personal device and had emailed them from his personal email to his Tesla email. Compl. ¶ 3. When Tesla asked Yatskov about this, he confirmed that he had information related Tesla on his personal devices and allowed Tesla to image the devices he had with them. *Id.* ¶¶ 4-5. Tesla placed Yatskov on administrative leave. *Id.* ¶ 4. On May 2, 2022, while he was still on leave, Yatskov resigned from Tesla. *Id.* ¶ 31. His last day with Tesla was May 6, 2022.[1] *Id.* ¶ 31.

On the afternoon of Yatskov's last day, May 6, Tesla filed this lawsuit against him, Dckt. No. 1, and an application for a temporary restraining order (the "TRO"), Dckt. No. 5. On May 9, Yatskov turned over the Tesla materials in his possession, including notebooks, a badge, and a Tesla laptop, to his counsel to return to Tesla. *See* Dckt. No. 21-1, Declaration of John Kirke, ¶ 4.

---

[1] Paragraph 31 of the Complaint alleges that Yatskov's last day at Tesla was April 6, 2022, which appears to be a typo given that the paragraph also asserts that Yatskov resigned on May 2. *See also* Dckt. No. 20, Declaration of Alexander Yatskov ¶ 20.

DONAHUE FITZGERALD LLP
ATTORNEYS AT LAW
OAKLAND

His counsel sent the Tesla laptop, notebooks, and badge to Tesla's counsel on May 10 and May 11. *Id.* ¶¶ 6-7. In addition to the Tesla laptop and materials, Yatskov also gave his personal laptop to his counsel on May 9. *Id.*¶ 4. His counsel stored the personal laptop in a safe place until it was turned over to an agreed-upon third-party forensic expert on May 20. *Id.*¶ 4; Dckt. No. 25.

The Court heard oral argument on Tesla's TRO application on May 16. Dckt. No. 25. The Court declined to issue a TRO, saying that mere suspicions were not enough, especially in light of the record demonstrating Yatskov's cooperation in relinquishing Tesla materials the first business day after leaving Tesla. Instead, the Court invited Tesla to depose Yatskov, suggesting that the deposition could occur the week of May 16. The Court also allowed Yatskov to take a deposition, and on the record Yatskov's counsel identified Yatskov's former supervisor. Despite the Court's encouragement and its request for expedited discovery, Tesla showed no interest in deposing Yatskov after the hearing. Having heard nothing from Tesla, defense counsel wrote to Tesla on May 18 and suggested Monday, May 23, for the deposition of the former supervisor. Tesla, again in no rush to depose Yatskov, suggested Wednesday, May 25, or Thursday, May 26, for the depositions. During the week of May 23, Tesla requested that Yatskov's deposition be postponed until Friday, May 27 – the only date on which defense counsel had previously advised they were unavailable – or Tuesday, May 30. Yatskov's former supervisor was deposed on May 25, but Tesla designated the entire deposition transcript as Attorneys Eyes Only.

## AUTHORITY AND ARGUMENT

### I. TESLA HAS NOT ALLEGED SUFFICIENT FATCS FOR A MISAPPROPIATION OF TRADE SECRETS CLAIM

#### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss brought under Rule 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In ruling on a Rule 12(b)(6) motion, the Court must accept all "well pleaded" allegations in the relevant pleading as true and draw all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009);

*Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 876 (N.D. Cal. 2018). The Court does not need to accept true allegations that are contradicted by judicially noticeable facts, "and it may look beyond the plaintiff's complaint to matters of public record without converting the Rule 12(b)(6) motion into a motion for summary judgment." *Alta Devices*, 343 F. Supp. 3d at 876. Dismissal is appropriate based on either the lack of cognizable legal theories or the lack of sufficiently pleaded facts to support cognizable legal theories. *Ballistreri v. Pacific Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted).

### B. Tesla Does Not State a Claim of Misappropriation of Trade Secrets

Tesla alleges that Yatskov misappropriated its confidential and trade secret information in violation of the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and the California Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426. The elements of trade secret misappropriation under DTSA and CUTSA are "essentially the same." *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-00933-MMC, 2018 WL 2298500, at *2 (N.D. Cal. 2018). To succeed on these claims, a plaintiff must allege: (1) misappropriation of a trade secret, (2) ownership of a trade secret, and (3) damages. *Way.com, Inc. v. Singh*, No. 3:18-CV-04819-WHO, 2018 WL 6704464, at *4 (N.D. Cal. 2018) (internal quotations and citation omitted). Tesla has failed to establish each of these elements. Throughout its complaint, Tesla points to disagreements between Yatskov and his manager as circumstantial evidence to support their claim. Tesla, however, conflates employment issues with their trade secrets claim. The question here is whether Tesla has sufficiently pleaded the elements of misappropriation. The other facts in the complaint are distractions.

#### 1. Misappropriation Has Not Been Pleaded

"Under the DTSA and CUTSA, 'misappropriation' means either the (1) [a]cquisition of a trade secret by another person who knows or has reason to know that the trade secret was acquired by improper means; or the (2) [d]isclosure or use of a trade secret of another without express or

DONAHUE FITZGERALD LLP
ATTORNEYS AT LAW
OAKLAND

implied consent." *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 473 (N.D. Cal. 2020) (internal citations and quotations omitted).

### (1) Tesla Fails to Allege That Yatskov Acquired Trade Secrets by Improper Means

Courts have held that "acquisition" requires intentional conduct intended to secure control over a thing. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 222 (2010) (disapproved of on other grounds). "Improper means" include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." *Zendar Inc. v. Hanks*, No. 20-CV-03391-JSW, 2020 WL 4458903, at *4 (N.D. Cal. 2020) (internal quotations omitted). Tesla did not plead sufficient facts to meet these elements.

When Tesla filed its complaint on May 6, 2022, Yatskov was still Tesla's employee. Compl. ¶ 31. To the extent that Yatskov "acquired" Tesla's trade secrets, it was within the scope of his employment and pursuant to the non-disclosure agreements he signed. *See S. California Inst. of L. v. TCS Educ. Sys.*, No. CV 10-8026 PSG AJWX, 2011 WL 1296602, at *8 (C.D. Cal. 2011) (finding that misappropriation of trade secrets claim fell short because complaint only alleged NDA-compliant use); *see also Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1026 (E.D. Cal. 2011) (finding no misappropriation because information was acquired according to the terms of agreement). Tesla even admits that Yatskov had access to "confidential information concerning the Dojo project" so that he could do his job. Compl. ¶ 17.

The non-disclosure agreement between Tesla and Yatskov required Yatskov to "immediately return to the Company all originals and copies of all hard copy and electronic documents, files and other property of the Company in [their] possession or control or to which [they] have access… regardless of the storage medium (e.g., internal or external hard drives, solid-state drives, USB flash drives, flash memory cards, and cloud storage)" upon termination. *Id.* ¶ 22. Tesla only emailed Yatskov instructions on how to return Tesla material in his possession at 5:00 p.m. on May 6, 2022 – after Tesla filed the complaint alleging that Yatskov is a "former Tesla employee" who "refused to return Tesla's confidential information." Req. for Jud. Not. Ex. D; Compl. ¶¶ 10, 33. After the complaint was filed and on the first business day after his last day at

Tesla, when he received Tesla's instructions, Yatskov turned over the Tesla materials in his possession, including notebooks and his laptop, to his counsel to return to Tesla. *See* Dckt. No. 21-1, Declaration of John Kirke, ¶ 4.

Tesla does not – and cannot – allege any facts that show Yatskov acquired Tesla's "trade secrets" by improper means. Tesla merely alleges that Yatskov "admitted he downloaded Tesla confidential information from his Tesla accounts and devices to his personal devices." Compl. ¶¶ 32-33. There are no facts that show that Yatskov used "improper means" to acquire information from Tesla. Yatskov had information that belongs to Tesla because Yatskov needed it to do his job, as discussed above. The only allegations about Yatskov's actions based on Tesla's internal investigation into the facts are that Yatskov created Tesla-related material on his personal device and emailed the material to his Tesla email from his personal email – which is the opposite of acquiring Tesla's information. *Id*. ¶¶ 3-4. Tesla vaguely accuses Yatskov of theft "on information and belief," claiming that "Tesla has not uncovered all of Defendant's theft" and that is has "grave concerns that [Yatskov] continues to misappropriate Tesla's Trade Secrets." *Id*. ¶ 34. "Labels and conclusions" cannot be the basis for a well-pleaded claim. *See Iqbal,* 556 U.S. at 678. Similarly, an allegation is not well-pleaded if it is based <u>solely</u> "on information and belief," as it is here. *See Boruta v. JPMorgan Chase Bank*, N.A., No. 19-CV-03164-WHO, 2019 WL 4010367, at *5 (N.D. Cal. Aug. 26, 2019).

### (2) Tesla Fails to Allege that Yatskov Disclosed or Used Tesla's Information

There are no facts supporting the claim that Yatskov disclosed confidential Tesla information. "A trade-secrets plaintiff must show an actual use or an actual threat." *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999) (holding that a former employee with knowledge of trade secrets leaving to work for a competitor is not enough to find a threat of misappropriation of trade secrets). Alleging mere possession of trade secrets is not sufficient because "California trade-secrets law does not recognize the theory of inevitable disclosure; indeed, such a rule would run counter to the strong public policy in California favoring employee mobility." *Id.*; *see also UCAR Technology (USA) Inc. v. Yan Li*, No. 5:17-CV-01704-

- 6 -

NOTICE AND MOTION TO DISMISS                                            3:22-CV-02725

EJD, 2017 WL 6405620, at *3 (N.D. Cal. 2017) (dismissing allegations that were based on inevitable disclosure). Specifically, to survive a motion to dismiss, claiming that a former employee "had access to and acquired [the] trade secret information [was] insufficient to establish misappropriation." *Pellerin v. Honeywell Intern., Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012).

Tesla's complaint is based on conjecture and suspicion. Without any supporting allegations, Tesla alleges: "On information and belief, Defendant has indeed further used and/or disseminated that information." Compl. ¶ 34. The disclosure claim is so flimsy that Tesla even admits that it "does not know whether Defendant… has shared any of the files he stored on his personal devices with others." *Id.* ¶ 7. The complaint further implies that Yatskov has or will disclose Tesla's confidential information. The allegations that Yatskov accessed confidential information that he was permitted to use or that he stored Tesla-related material on a personal device are not enough to support a claim of actual use or an actual threat of use of confidential information.

## 2. Tesla Failed to Sufficiently Identify a Trade Secret

"To be a trade secret, (1) the owner of information must have taken reasonable measures to keep such information secret, and (2) the information [must] derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *GENFIT S. A. v. CymaBay Therapeutics Inc.*, No. 21-CV-00395-MMC, 2022 WL 195650, at *3 (N.D. Cal. 2022) (internal quotations and citations omitted). The complaint "must identify the trade secret with sufficient particularity to give defendants reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1047 (N.D. Cal. 2020) (internal quotations omitted).

For example, in *Vendavo, Inc. v. Price f(x) AG,* the plaintiff alleged misappropriation of "trade secrets" described as:

> source code, customer lists and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, "negative knowhow" learned through the course of research and development, and other information related to the development of its price-

optimization software, including ideas and plans for product enhancements.

No. 17-CV-06930-RS, 2018 WL 1456697, at *3 (N.D. Cal. 2018). The Court dismissed the misappropriation claim because the "trade secrets" were described "in broad, categorical terms, more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets [the plaintiff] has a basis to believe actually were misappropriated here." *Id.* at *4. Similarly, in *Space Data Corp. v. X*, the Court found that descriptions like "data on the environment in the stratosphere" and "data on the propagation of radio signals from stratospheric balloon-based transceivers" were not sufficient to survive a motion to dismiss. No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. 2017).

Here, Tesla does not carry its burden to identify a trade secret. It uses multiple paragraphs to explain how secretive Project Dojo is and how there are "massive amounts of data concerning thermal characteristics of Dojo under various cooling configurations, as well as hardware and software designs for cooling efficiencies," but the complaint does not adequately describe any trade secrets that have allegedly been misappropriated. Compl. ¶¶ 15-16. Tesla merely describes their trade secrets as "Dojo Thermal Data and Designs" and then adds that Yatskov also has access "not just to thermal-related data, but also to other confidential information concerning the Dojo project." *Id*. ¶¶ 16-17. Tesla provides even less information than the parties in *Vendavo* and *Space Data* did. The "trade secrets" at issue could be anything related to the Dojo thermal design and data – which covers a vast amount of material itself – *or* any "confidential information concerning the Dojo project" that Yatskov had access to. It is like asking for a street address and being told "New York City." The identification of the "trade secrets" is so broad and unspecific that the Court cannot assess whether Tesla took "reasonable measures to keep such information secret" or whether the information has "independent economic value." *GENFIT S. A.*, 2022 WL 195650, at *3. Further, Yatskov has not been given reasonable notice of the issues so he can prepare for discovery and trial. *See Cisco Sys.*, 462 F. Supp. 3d at 1047.

### 3. Tesla Has Not Alleged Damages

While a court may presume irreparable harm in misappropriation cases, there can be no

DONAHUE FITZGERALD LLP
ATTORNEYS AT LAW
OAKLAND

harm – irreparable or otherwise – when no misappropriation has been alleged. *Albert's Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 474 (N.D. Cal. 2020). Tesla asserts that it has been damaged "in an amount not yet ascertained" and that "actual or threatened" misappropriation "will cause great and irreparable injury to Tesla." Compl. ¶ 47. Tesla's damages cannot be ascertained because its trade secret claims are hypothetical. Tesla cannot identify any "trade secrets" Yatskov has, let alone assess its value and claim damages. Tesla cannot identify any facts to support their claim that Yatskov has or will gain substantial benefit from the alleged misappropriation. *Id.* ¶ 45. Tesla also cannot identify how Yatskov has used or threated to use Tesla information. *Id.* ¶ 49. Accordingly, the Court should dismiss Counts I and II.

## II. LEAVE TO AMEND SHOULD NOT BE GRANTED

"[A] court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility." *Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904 (C.D. Cal. 2022) (dismissing with prejudice when the claims themselves had no legal basis). An amendment is futile if "the pleading could not possibly be cured by allegation of other facts." *Black v. City of Blythe*, 562 F. Supp. 3d 820 (C.D. Cal. 2022) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez*, 203 F.3d at 1129. No matter how many times Tesla amends the facts, it cannot change that Yatskov did not wrongfully come into possession of Tesla's data. A misappropriation claim cannot be based on information acquired under the terms of an agreement or when use is in compliance with a confidentiality agreement. *See S. California Inst. of L.*, 2011 WL 1296602, at *8; *Agency Solutions.Com, LLC*, 819 F. Supp. 2d at 1026. Tesla has already admitted that Yatskov had access to "confidential information concerning the Dojo project" so that he could do his job. Compl. ¶ 17.

## **CONCLUSION**

As a matter of law, the fatal flaw of Tesla's complaint is that there are not enough facts to show that Counts I and II are plausible on their face. As a matter of public policy, too, it should not be enough for an employer to make vague and spurious claims about a departing employee misappropriating trade secrets so that the company can conduct invasive searches of every device,

piece of paper, and communication the employee has ever had. As much as Tesla may wish it to be true, a worker does not sacrifice all of his rights to privacy by agreeing to work for Tesla. A worker must have the right to leave his job and be free from harassment by his former employer. For the foregoing reasons, Yatskov respectfully requests that this Court to dismiss Counts I and II of Tesla's complaint with prejudice.

Dated: May 26, 2022

DONAHUE FITZGERALD LLP

By: _____
John C. Kirke
Katharine L. Malone
Hayley M. Lenahan
Attorneys for Defendant
ALEXANDER YATSKOV