UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | | |
|---|---|---|
| TESLA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | **NO. C 22-02725-JD** |
| | ) | |
| ALEX YATSKOV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

San Francisco, California
Monday, May 16, 2022

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:         WILSON, SONSINI, GOODRICH & ROSATI
                       One Market Street
                       Spear Tower - Suite 3300
                       San Francisco, California 94105
                  BY:  **CHARLES TAIT GRAVES, ATTORNEY AT LAW**

                       TESLA, INC.
                       901 Page Avenue
                       Fremont, California 94538
                  BY:  **JOSEPH C. ALM, ATTORNEY AT LAW**

For Defendant:         DONAHUE FITZGERALD LLP
                       1999 Harrison Street - 26th Floor
                       Oakland, California 94612
                  BY:  **JOHN C. KIRKE, ATTORNEY AT LAW**
                       **KATHARINE MALONE, ATTORNEY AT LAW**
                       **HAYLEY LENAHAN, ATTORNEY AT LAW**


Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

PROCEEDINGS

1    <u>Monday - May 16, 2022</u>                      <u>1:34 p.m.</u>

2                    P R O C E E D I N G S

3                         ---oOo---

4        **THE CLERK:**  All rise.  This court is now in session.

5    The Honorable James Donato presiding.

6        **THE COURT:**  Good afternoon.

7        **THE CLERK:**  Please be seated.

8      Calling Civil 22-2725, Tesla, Inc. versus Yatskov.

9      Counsel, please state your appearances on the record.

10   You'll need to use the podiums at the end of the tables.

11       **MR. ALM:**  Good afternoon, Your Honor.  Joseph Alm on

12   behalf of the plaintiff, together with my co-counsel Charles

13   Tait Graves.

14       **MR. KIRKE:**  Good afternoon, Your Honor.  John Kirke

15   for the defendant.  I also have appearing with me, Katharine

16   Malone.  And, if it please the Court, I also have Hayley

17   Lenahan, had who just got her successful California bar

18   results, which is her fourth jurisdiction, but she's not quite

19   admitted yet, but is making an appearance.

20       **THE COURT:**  Great.  If you're fully vaccinated and

21   you're comfortable, you can take your masks off.  It's up to

22   you.  You are certainly welcome to do that.

23      This is a fast-moving thing.  I did not know until this

24   morning who represents Mr. Yatskov.  I have a non-litigation,

25   small thing that the Donahue Fitzgerald firm is handling for me

**PROCEEDINGS**

1  now.  It's not a grounds for recusal; however, in the interest

2  of making sure everybody is comfortable, if anybody objects to

3  my hearing this case because of that, I'm perfectly happy to

4  send you on your way.

5      Any objections, plaintiffs?

6          **MR. ALM:**  No, Your Honor.  Thank you.

7          **THE COURT:**  Any problems, defendant?

8          **MR. KIRKE:**  No objection, Your Honor.

9          **THE COURT:**  All right.  Well, let's just see where we

10  are.  Okay?

11      So here's what I understand.  Mr. -- I'm hoping I'm going

12  to say this right.  Is it Yatskov?

13      Mr. Yatskov turned everything over on May 9th, and there

14  is a proposal to retain an independent investigator to do a

15  forensic review.

16      Is that right, Mr. Alm?

17          **MR. ALM:**  Mostly, with a couple of tweaks.

18      So the personal laptop -- or computer that is kind of at

19  issue, that's the main thing.

20          **THE COURT:**  The Dell.  It's a Dell; right?

21          **MR. ALM:**  Yeah, that's to the -- basically that's

22  being held somewhere, but that is not in our possession, and we

23  were negotiating to have a third-party vendor image and handle

24  that.

25          **THE COURT:**  All right.  That's the main issue, isn't

1  it, that Dell laptop?

2       **MR. ALM:**  That's one of the main outstanding issues.

3    The other outstanding issue, Your Honor, is the question

4  is if there is further misconduct, if we just simply come back

5  into court and basically start over again, or whether, you

6  know, there can be a court order requiring Mr. Yatskov to

7  comply so that if he deceives us again --

8       **THE COURT:**  Comply with what?

9       **MR. ALM:**  Comply with the provision of the specific

10  devices which may have accessed Tesla information, and then

11  also comply with the maintenance -- or the non-deletion

12  provisions, as well as the nontransfer provisions.  So

13  essentially --

14       **THE COURT:**  Let's just do this one step at a time.

15  All right.

16    So, Mr. Kirke, you have the laptop, right, the Dell?

17       **MR. KIRKE:**  Yes, Your Honor.  It's locked in my server

18  room.

19       **THE COURT:**  All right.  So have you agreed on a

20  forensic person?

21       **MR. KIRKE:**  We have not, Your Honor.

22    On Monday morning, the first thing I did was contact

23  opposing counsel and propose something like this.  The response

24  was back that court -- court intervention and a court order

25  would be needed.

**PROCEEDINGS**

1    I also want to remind the Court -- make a correction here.

2  There is a reference to further misconduct --

3    **THE COURT:**  Wait.  We're just doing one thing at a

4  time here.  We'll get to that.

5    **MR. KIRKE:**  Yes, Your Honor.

6    **THE COURT:**  All right.  This is the big one, the Dell

7  laptop.  Why don't you both just -- you agree in principle that

8  a third party will review it, so let's just -- why don't you

9  select somebody and have that done by the end of the week.

10  Okay?  I mean, just a selection.  And Mr. Kirke will transfer

11  the goods and -- so you can do that.  Okay?

12    And so we're done with that part.

13    Now, you want, Mr. Alm, you want assurances that the

14  defendant is not going to say anything about Dojo; is that the

15  idea?

16    **MR. ALM:**  No, Your Honor.  I mean, that's not the

17  point that I was making there.

18    **THE COURT:**  Oh.  All right.

19    **MR. ALM:**  What we need to know is we need to have

20  assurances that he is telling us the truth and not making other

21  misrepresentations about what devices he has which access Tesla

22  information.

23    **THE COURT:**  Oh.  You can talk just about a deposition.

24  You can just take a deposition.  How about that?  That's all.

25    Are you okay with that, Mr. Kirke?

1    **MR. KIRKE:** With them taking his deposition?  Yes,

2  Your Honor.

3    **THE COURT:** All right.  Okay.  Problem solved.  Our

4  work here is done.

5    **MR. KIRKE:** Your Honor, if I may?

6    **THE COURT:** Yes.

7    **MR. KIRKE:** Thank you, Your Honor.

8    Your Honor, this lawsuit and this TRO application were

9  filed while he still was employed there.  And as a result of

10 what has happened here, my client, with my advice, told his --

11 who was going to be his new employer about this lawsuit.  They

12 stayed his employment date.  I just found out over the weekend

13 that they've rescinded his job offer.

14   Their -- everything in the press is about how my client is

15 a thief.  And he's not.  There was no misappropriation.  He was

16 entitled to have all of the -- all of these materials because

17 he was an employee there.  And Tesla has its employees using

18 their personal cell phones all the time.  And taking pictures

19 and circulating it, which technically is against the Tesla

20 policy.

21   So, Your Honor, my client -- the balancing of equities and

22 the public interest weigh heavily in favor of my client getting

23 a denial of this TRO application so he can now try to clear his

24 name --

25   **THE COURT:** Oh.  Well, let me -- let me suggest this.

1    I understand what you're saying.  And there may be a

2    larger case out of this.  All I'm trying to do is just broker a

3    short-term deal here so that everybody can focus.  And

4    remember, TROs just preserve the status quo.  So we've solved

5    all of that.  You're going to mothball the computer, the Dell

6    laptop; that's already happened.  And someone is going to take

7    an independent forensic review.

8    And then the plaintiff, you can certainly sit down and

9    talk with the -- with Mr. Yatskov.  Maybe you can do it

10   tomorrow.  I mean, there is no need to make this a 30-day wait.

11   You can do it tomorrow, sometime this week; it probably won't

12   be more than an hour or two, I would imagine.  That's all it

13   would take.

14   And you -- and, Mr. Kirke, you know, you and your client

15   are perfectly free to, if you believe this is improper in some

16   way, you can bring a counterclaim; you can file an independent

17   lawsuit; you know, whatever you'd like to do.  It's totally up

18   to you.  I don't know.  I'm not -- obviously, my days of giving

19   practice advice are long past.  But if this is something you

20   think your client has been wronged about, you can certainly sue

21   Tesla.

22   Now, if you would like a deposition as well, that would

23   be, you know, certainly bilateral.  So if you want to take a

24   deposition about -- you mentioned, for example, it's common

25   practice for the company to let people use their personal

1  devices.  If you wanted to do something along those lines, it's

2  perfectly fine.

3      I mean, do you want one?

4          **MR. KIRKE:**  Yes, Your Honor.  I would like to depose

5  his boss, and I would like that deposition to take place in the

6  Bay Area.

7          **THE COURT:**  Who is his -- who is his boss?

8          **MR. KIRKE:**  I can't pronounce his last name.  His

9  first name is Aydin.

10          **MR. ALM:**  Nabovati.

11          **THE COURT:**  Nabovati.  Oh, that's right.  I saw that

12  name.  Okay.

13      He is in Canada.

14          **MR. ALM:**  Yeah.  And we can arrange to make him

15  available.  The question of in-person versus remote, we can

16  discuss with counsel.

17          **THE COURT:**  Okay.  You can make it out here.

18      Look, I just -- right now, this is trade secrets.  I don't

19  want to get into, because it's not before me -- maybe I will

20  someday, but not today.

21      It's a job that didn't work out. I get it.  Okay?  Two

22  people didn't like each other.  I don't know what happened.

23  Right now, this is not an employment case.  Now, if you want to

24  make it one or if it turns into one, that's up to you.

25      But, right now, it's just trade secrets and not whether he

1    was walking around and not working, or whatever the allegations

2    are, or whether his boss was abusive.  Okay?  We're not -- we

3    don't need to get into all of that.

4              **MR. ALM:**  Yes, Your Honor.

5              **THE COURT:**  So just focus on the core thing here.

6              **MR. ALM:**  Yes, Your Honor.

7         And so the one additional request which is in our TRO, and

8    I think does have to be identified and resolved, is the

9    question whether there is essentially a standstill order that

10   prevents him from moving anything, from transferring anything

11   or, you know, from basically doing anything that would move the

12   trade secrets anywhere.  Because what we have --

13             **THE COURT:**  The laptop is in the lawyer's hands now,

14   so he can't do anything with that.

15             **MR. ALM:**  So we have his lawyer's representations

16   about what his lawyer knows, and we're not contesting that.

17   That's, you know, excellent.

18        The issue is Mr. Yatskov has not made representations

19   about several things that are very important, including the

20   specific personal devices sets that he has.  He has identified

21   some, but he hasn't given a comprehensive list.

22        And he also has not made representations that we think we

23   would need to be able to enforce in court in terms of not

24   transferring and not further transferring in any way.  And so

25   to the extent that he's willing to make those representations

PROCEEDINGS

1    and there is some enforcement --

2              THE COURT:  Transferring what?  What is it you're

3    worrying he might be transferring?

4              MR. ALM:  So we're worried about this set of trade

5    secrets that he took.  And the fact that he tried to trick our

6    infosec people already makes us think he's trying to take

7    stuff.  And so the fact that did these actions deceitfully

8    makes us need, essentially, if he does something else that's

9    deceitful, trying to --

10             THE COURT:  Let's not -- just -- I'm asking a much

11   simpler question.  Just tell me what file you're worried about.

12        What file -- what do you mean by "transfer" and what's

13   being -- what is the process and what is the thing being

14   transferred?

15             MR. ALM:  Yes, Your Honor.

16             THE COURT:  We don't need to go into this whole

17   deceitful thing.  Okay?  You all disagree about this --

18             MR. ALM:  Yes, Your Honor.  I'll put that aside.

19             THE COURT:  All right.

20             MR. ALM:  One is he had access to the entire D1 drive,

21   Your Honor; that is the Project Dojo drive.

22             THE COURT:  You need to kick it up a notch.  You want

23   him to agree not to transfer what?  Any Tesla information?

24             MR. ALM:  Any Tesla information about Dojo.

25             THE COURT:  All right.  That seems fine.

1       Mr. Kirke, are you okay with that?

2           **MR. KIRKE:**  Yes, Your Honor, I'm fine with that.

3       But, Your Honor, frankly, what I'm not fine with is, on

4   this record, they are not entitled to an order granting the

5   TRO.

6           **THE COURT:**  I'm not doing that.  We're just reaching

7   some agreements here.

8           **MR. KIRKE:**  Sorry, Your Honor.  I was getting worried,

9   Your Honor.  Thank you.

10          **THE COURT:**  Well, I will grant it if I have to.  But

11  if you don't agree, I mean, I'll have to do something.  But if

12  you agree that Mr. Yatskov is not going to transfer any,

13  you know, files he -- you know, related to Tesla, we should be

14  good.

15          **MR. KIRKE:**  Thank you, Your Honor.

16      I agree.  I've already told --

17          **THE COURT:**  They are going to ask him at his

18  deposition, so make sure you tell him and he doesn't do it.

19          **MR. KIRKE:**  I've told him repeatedly, Your Honor.  And

20  I believe he has followed my instruction.

21          **THE COURT:**  Okay.  All right.

22      And then Mr. Kirke has already said he told him, so you

23  can ask him:  Did your lawyer tell you and have you followed

24  those instructions.

25      That's all we can do for now.  We can't -- there is

**PROCEEDINGS**

1   nothing else we can do.

2       Now, do you all want to do this in the next couple of

3   weeks?  There is no need to stretch it out.  Are you ready to

4   take -- Mr. Kirke, ready to take the manager's depo, or you

5   will be sometime next week?

6           **MR. KIRKE:**  Your Honor, I will be as soon as they can

7   arrange to get him here.

8           **THE COURT:**  All right.  And same for the defendant?

9           **MR. ALM:**  Yes, Your Honor.

10          **THE COURT:**  So why don't you do all that.  And you

11  want to come back in two weeks and let me know where you are.

12      How about that?  Sound okay?

13          **MR. KIRKE:**  Yes, Your Honor.

14          **THE COURT:**  It won't be on a Monday.  Just notice it

15  for my regular civil calendar -- okay -- on a Thursday at

16  10:00 a.m.

17      Try to work this out.  I know everybody's fired up right

18  now, but it should be whatever happened with the job happened,

19  it's over now, he doesn't work there now.  I don't know what

20  you all do with that, but I don't think you need to conflate

21  them.  In other words, it, clearly, didn't work out for

22  whatever reason, but now we're just here on the trade secret

23  stuff.  All right.

24      Anything else for today, Mr. Alm?

25          **MR. ALM:**  So, Your Honor, this is trying to make sure

1  that we get imaging of all his personal devices that may have

2  accessed Tesla information.  The reason I'm asking for that is

3  because the only way that we can trace --

4         **THE COURT:**  You have to do the deposition first.  You

5  come back and show me there is some evidence that he used a

6  personal device, I'll be happy to consider.  But, right now,

7  that's just mere supposition, and there is no evidence in the

8  record that indicates that he did.  And I'm not going to bank

9  on characterizations of people being deceitful.  That's just

10  not enough to invade personal devices.

11        **MR. ALM:**  All right.  To clarify, Your Honor, there is

12  evidence in the record, including his own acknowledgement, that

13  he used a personal device that currently has 16 Tesla --

14        **THE COURT:**  That's the Dell laptop, isn't it?

15        **MR. ALM:**  Right.

16        **THE COURT:**  Okay.  So we're done with that.  You have

17  the Dell laptop.  You're asking for other things.  You're not

18  going to get those until you come back and tell me you have

19  evidence for that.  Okay?

20     So you can ask at the deposition.  If something comes up

21  you can ask.  I'm not invading a man's privacy because you're

22  worried.  That's just not enough.

23     Okay.  Anything else for today?

24                    (No response.)

25        **THE COURT:**  Great.

**PROCEEDINGS**

1    Defendant, anything else for today?

2         **MR. KIRKE:**  No, Your Honor.  Thank you, Your Honor.

3         **THE COURT:**  All right.  I'll see you in a couple of

4    weeks.

5         **MR. KIRKE:**  Thank you, Your Honor.

6         **THE CLERK:**  All rise.  Court is in recess.

7              (Proceedings adjourned at 1:48p.m.)

8                        ---o0o---

9

10

11              **CERTIFICATE OF REPORTER**

12         I certify that the foregoing is a correct transcript

13    from the record of proceedings in the above-entitled matter.

14

15    DATE:   Saturday, May 28, 2022

16

17

18

19

20    _____
      Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
             Official Reporter, U.S. District Court

21

22

23

24

25