JOHN C. KIRKE, #175055
jkirke@donahue.com
KATHARINE L. MALONE, #290884
kmalone@donahue.com
HAYLEY M. LENAHAN, #343528
hlenahan@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:    (510) 451-3300
Facsimile:    (510) 451-1527

Attorneys for Defendant
ALEXANDER YATSKOV

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>ALEXANDER YATSKOV,<br><br>                    Defendant. | Case No. 3:22-CV-02725-JD<br><br>**NOTICE AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: October 13, 2022<br>Time: 10:00 a.m.<br>Ctrm: 11<br>Judge: James Donato |

**NOTICE**

Pursuant to Civil Local Rules 7-2 and 7-4, defendant Alexander Yatskov ("Yatskov") hereby gives notice of this Motion for Attorneys' Fees and Costs. This motion will be heard on October 13, 2022, at 10:00 a.m. in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California and will be based on this motion, the Declaration of John C. Kirke ("Kirke Dec."), the court record, and any such other matter and argument that the Court may consider.

This motion asks the Court to grant attorneys' fees and costs at least in the amount of $120,660.50. (Kirke Dec., ¶ 6.) Yatskov incurred these fees and costs as he defended himself against the claims filed by Plaintiff Tesla, Inc. ("Tesla") and won the *Ex Parte* Motion for Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, Expedited Discovery, and Evidence Preservation filed by Tesla (the "TRO Motion," Kirke Dec. Ex. A). This motion is based on the grounds that Tesla asserted that Yatskov violated the Applicant Non-Disclosure Agreement (the "Non-Disclosure Agreement," Kirke Dec. Ex. B), that the Non-Disclosure Agreement awards attorneys' fees and costs to the prevailing party, and that Yatskov successfully opposed Tesla's TRO Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ISSUES TO BE DECIDED**

Yatskov asks the Court to award the attorneys' fees and costs that he incurred while opposing the TRO Motion filed by Tesla pursuant to the Non-Disclosure Agreement entered into by Tesla and Yatskov.

The issues presented in this motion are as follows:

Yatskov is entitled to the attorneys' fees and legal costs associated with Tesla's Complaint and TRO Motion. Pursuant to California law, the Non-Disclosure Agreement between Tesla and Yatskov provides that the prevailing party is entitled to fees and costs in an action to enforce the Non-Disclosure Agreement. The only issue related to the Non-Disclosure Agreement that was raised in front of this Court was whether Tesla was entitled to a temporary restraining order and injunctive relief. Yatskov was indisputably the prevailing party on the TRO Motion. Tesla is not

pursuing any other claims related to the Non-Disclosure Agreement in this Court or in arbitration. Thus, the Court may immediately award Yatskov's fees and costs because there are no remaining issues before the Court and because all claims related to the Non-Disclosure Agreement have been resolved.

**STATEMENT OF FACTS**

Tesla hired Yatskov as a Principal Thermal Engineer on approximately January 31, 2022. (Compl., ¶ 27.) During the interview process and after he was hired, Yatskov signed the Non-Disclosure Agreement, an employment agreement (the "Employment Agreement") with a non-disclosure provision, and an additional confidentiality agreement for Project Dojo. (*Id.* ¶¶ 21, 23; Kirke Dec. Exs. B-D.) The Non-Disclosure Agreement contains a fee-shifting provision in Section 7: "If Tesla substantially prevails in any action brought to enforce this NDA, Tesla will recover its costs of enforcement from Applicant, including reasonable attorney fees." (Kirke Dec. Ex. B, § 7.) Section 10 provides that the Non-Disclosure Agreement is governed by the laws of California. (*Id.* § 10.)

Yatskov's last day with Tesla was May 6, 2022. (Compl. ¶ 20.) On the same day, while Yatskov was still employed by Tesla, Tesla filed a complaint against Yatskov for misappropriation of trade secrets and breach of the Non-Disclosure Agreement and the Employment Agreement. Tesla concurrently filed the TRO Motion seeking: (1) a temporary restraining order allowing Tesla, *inter alia*, to conduct an invasive search of Yatskov's personal electronic devices, online accounts, and other electronic data and enjoining Yatskov from sharing Tesla's information with third parties; (2) a similar preliminary injunction; and (3) expedited discovery. (Kirke Dec. Ex. E.) In its TRO Motion, Tesla argued it was highly likely to succeed on its claims for breach of contract and for trade secret misappropriation. (Kirke Dec. Ex. A at 7:25-26.) Tesla argued that Yatskov breached the "duty to maintain secrecy" under "a standard confidentiality agreement as well as a Project Dojo-specific confidentiality agreement with Tesla, which together forbade him from misappropriating Tesla's confidential information," citing to the Non-Disclosure Agreement and the Employment Agreement. (*Id.* at 8:7-10.)

When the lawsuit was filed, Yatskov had in his possession a laptop issued by Tesla, a

personal laptop that previously had Tesla data stored on it, and some handwritten notes regarding Tesla. (Kirke Dec. Ex. F.) He had not shared Tesla information with any third party. (Kirke Dec. Ex. G, ¶ 21.) In his last week of employment, Yatskov asked Tesla for a mailing label to return the Tesla-issued laptop to Tesla before the lawsuit was filed, but he did not receive a response from Tesla's HR until after the lawsuit was filed. (*Id.* ¶¶ 19-20.)

As soon as Yatskov engaged counsel on May 9, his attorneys took custody of the Tesla laptop, Yatskov's personal laptop, and the other Tesla items. (Kirke Dec. Ex. F, ¶¶ 4-5.) Counsel also reached out to Tesla to clear up the misunderstanding and to return the Tesla materials in Yatskov's possession, which was accomplished on May 10. (*Id.*) In an effort to resolve the matter, Yatskov offered to have his Tesla laptop and his personal laptop examined by a forensic expert. (*Id.*) Tesla rejected the proposal. (*Id.*)

The Court heard oral argument on Tesla's TRO Motion on May 16. The Court declined to issue a TRO, finding that "there is no evidence in the record that indicates that [Yatskov] did it." (Kirke Dec. Ex. H at 13:4-19.) "I'm not invading a man's privacy because you're worried. That's just not enough." (*Id.* at 13:20-22.) The Court allowed the parties to take limited discovery and scheduled another hearing after the discovery was completed. (*Id.* at 7:4-8:8:13.) A forensic expert examined and prepared a report for Tesla on Yatskov's personal laptop. Yatskov allowed Tesla to remove any files it wanted from his personal laptop. On May 25, Yatskov deposed his former Tesla supervisor. On May 30, Tesla took a two-hour deposition of Yatskov.

The parties appeared again on June 2, 2022. Tesla could not identify any new information to support its demand for a temporary restraining order and again asked the Court to order Yatskov to turn over additional electronic devices and data. (Kirke Dec. Ex. I at 4:21-5:17.) In response, Yatskov informed the Court that he would produce any emails Yatskov sent from Tesla to a personal device.[1] (*Id.* at 3:23-24.) The Court again declined to enter a temporary restraining order and noted that after the emails were produced, Tesla "can probably call it a day." (*Id.* at 11:5-6.)

On July 13, 2022, Tesla submitted an arbitration demand to JAMS on July 13, 2022. On

---

[1] A search of Yatskov's personal email was conducted by counsel promptly after the June 2 hearing. No responsive emails were located.

1  July 14, 2022, Tesla filed a Motion to Stay Pending Arbitration (the "Motion to Stay"), which was
2  heard on August 18. The arbitration demand did not claim that the Non-Disclosure Agreement was
3  breached; there was no mention of the Non-Disclosure Agreement at all.

4  During the August 18 hearing on the Motion to Stay, the Court granted the motion and ruled
5  that the case would proceed in arbitration. The Court also confirmed that it had denied the TRO
6  Motion during the June 2 hearing and had found that "there was not a likelihood of success" on the
7  misappropriation of trade secrets claim. (Kirke Dec. Ex. J at 5:14-19.) The Court asked Tesla about
8  the possibility of settlement and noted that calculating Yatskov's damages should not be
9  challenging based on Yatskov's income and stock options. (*Id.* 6:3-8.) Tesla corrected the Court:
10 "Our claim is basically for investigation costs." (*Id.* at 6:9-11.)

11 On August 22, 2022, Tesla submitted an amended arbitration demand to JAMS. (Kirke Dec.
12 Ex. K.) Again, the amended arbitration demand made no mention of the Non-Disclosure
13 Agreement.

## AUTHORITY AND ARGUMENT

### A.  Yatskov Is Entitled to Attorneys' Fees and Legal Costs Associated with Tesla's Complaint and the TRO Motion Under the Non-Disclosure Agreement

Section 7 of the Non-Disclosure Agreement provides: "If Tesla substantially prevails in any action brought to enforce this NDA, Tesla will recover its costs of enforcement from Applicant, including reasonable attorney fees." (Kirke Dec. Ex. B, § 7.) Section 1717 of the California Civil Code provides that the prevailing party is entitled to attorneys' fees and costs even under a one-way fee-shifting provision:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. C. § 1717(a). Thus, though Yatskov is not explicitly mentioned in the section, he is entitled to recover his costs from Tesla under California law as the prevailing party.

### B. Yatskov Is Entitled to Attorneys' Fees and Legal Costs as the Prevailing Party

Section 1717 provides that "[t]he court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment." Cal. Civ. C. § 1717(b)(1). However, when a decision "is purely good news for one party and bad news for the other[,] . . . a trial court has no discretion to deny attorney fees to the successful litigant." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995).

"The text of section 1717 does not explicitly address the question of when a trial court may make a fee award." *Chen v. Valstock Ventures*, LLC, 81 Cal. App. 5th 957, 2022 WL 3009418, at *6 (2022), as modified (Aug. 24, 2022). The statute only states that there does not need to be a final judgment on the contract and that one party must have prevailed under the specific contract at issue. Accordingly, courts have interpreted the statute in different ways depending on the specific facts of the case. For example, a California court held that the court must wait to award fees under Section 1717 until the litigation *pending before the court* was resolved so the court can consider all costs and awards at the end of the litigation. *Id.* at *5-6. In another example, a Section 1717 motion was found to be untimely when the contract claim had not been resolved and had simply been transferred to another venue. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 974, 391 P.3d 1181, 1185 (2017) (contract claim dismissed from California under a forum selection clause so identical claim could proceed in Florida).

The result was different, however, when matters pending in two different venues were *not* the same. *See Turner v. Schultz*, 175 Cal.App.4th 974 (2009). In *Turner*, the plaintiff filed suit in Contra Costa County, which the defendants sought to arbitrate. *Id.* at 977. The plaintiff then filed suit in San Francisco County seeking a temporary restraining order to enjoin the arbitration. *Id.* at 978. The TRO was denied, and fees were awarded to the defendants under Section 1717. *Id.* at 978-79. Even though the substantive claims were pending, the defendants were entitled to fees in the San Francisco action because "defendants' entitlement to attorney fees in this legal action is independent of the outcome of the arbitration of the merits of the underlying dispute." *Id.* at 983. The court further noted: "even if [the plaintiff] prevails on some or all of his claims in the course of the arbitration, and that award is confirmed in the Contra Costa action, it would not be in

1  derogation of defendants' independent right to attorney fees in this, the San Francisco action, under
2  Paragraph 13 [the fee-shifting provision]. It was [the plaintiff] who initiated both actions; he must
3  accept the consequences of forcing defendants to fight on two fronts." *Id.* at 983-84. A court in
4  California came to a similar conclusion in *Otay River Constructors v. San Diego Expressway*, 158
5  Cal. App. 4th 796, 808 (2008) ("Significantly, the merits of the contract claims under the
6  Gap/Connector Contract that Otay sought to send to arbitration were not at issue in the court
7  proceedings to compel arbitration and the fact that the parties will probably pursue these claims in
8  another action does not lessen Expressway's victory in this discrete legal proceeding.").

9  Based on the facts of this case, Yatskov's request for fees under Section 1717 is timely and
10 appropriate. First, this is not interim relief. Yatskov has waited until the end of this litigation to
11 seek fees and costs. Tesla must agree that this litigation in at an end, as it stated in its Motion to
12 Stay papers that its intention was to obtain injunctive relief in this action and then to pursue
13 permanent relief in an arbitration. (Dckt. No. 44 at 6. ("[Tesla] filed suit seeking emergency relief
14 with the court on the basis that it would be irreparably harmed absent immediate relief. . . Now that
15 the emergency phase of this case is over, Tesla has filed an arbitration and requests a stay of this
16 case.")). Tesla tried and failed to obtain injunctive relief.

17 Second, Yatskov is seeking fees that are "independent of the outcome of the arbitration of
18 the merits of the underlying dispute." If this case had remained in this Court or if Tesla had brought
19 identical claims in the arbitration, then Yatskov might not be entitled to fees and costs under Section
20 1717 at this stage. Tesla, however, is pursuing claims that do not relate to the Non-Disclosure
21 Agreement in the arbitration. (Kirke Dec. Ex. K.) Thus, Yatskov's fees are independent of the
22 arbitration. To that end, there is a risk that Yatskov could not recover his fees under the Non-
23 Disclosure Agreement at the end of the arbitration because that agreement is not at issue there.

24 As there are no procedural bars to awarding fees, the only question is whether Yatskov was
25 the prevailing party on the issues related to the Non-Disclosure Agreement. The record is clear on
26 that point. At the August 18 hearing, the Court noted that it denied the TRO Motion because "there
27 was not a likelihood of success" of Tesla winning its claims at trial. (Kirke Dec. Ex. J at 3:15 ("And
28 you won."), 4:23-24.) Accordingly, the Court has "no discretion to deny attorney fees to the

successful litigant." *Hsu*, 9 Cal. 4th at 876. Even if the Court had not acknowledged that Yatskov was the prevailing party on the claims related to the Non-Disclosure Agreement, the Court should still find that Yatskov was the prevailing party because he was "the party who recovered a greater relief in the action on the contract." Cal. Civ. C. § 1717(b)(1). The Motion to Stay (won by Tesla) was not related to the Non-Disclosure Agreement, which does not have an arbitration provision. Accordingly, Yatskov is entitled to fees and costs for the TRO Motion under the Non-Disclosure Agreement as he "substantially prevail[ed] in [an] action brought to enforce this NDA." (Kirke Dec. Ex. B, § 7.)

Yatskov is entitled to fees and costs at least in the amount of $120,660.50. (Kirke Dec., ¶ 6.) As the claims made by Tesla are intertwined and involve same facts, attorneys' fees and legal costs do not need to be apportioned. *See In re Rossco Holdings, Inc.*, No. CV 14-917-JFW, 2014 WL 2611385, at *10 (C.D. Cal. May 30, 2014); *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230, 250, 149 Cal. Rptr. 3d 440, 456 (2012).

## CONCLUSION

For the foregoing reasons, Yatskov respectfully requests that this Court award Yatskov the legal costs and attorneys' fees he incurred.

Dated: September 8, 2022                    DONAHUE FITZGERALD LLP

By: /s/ John C. Kirke
John C. Kirke
Katharine L. Malone
Hayley M. Kirke
Attorneys for Defendant
ALEXANDER YATSKOV