United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER YATSKOV,<br><br>　　　　　Defendant. | Case No. 22-cv-02725-JD<br><br>**ORDER RE ATTORNEYS' FEES** |

　　　　Plaintiff Tesla filed a complaint and an application for a temporary restraining order (TRO) alleging that defendant Alexander Yatskov misappropriated Tesla's trade secrets. *See* Dkt. Nos. 1, 5. At a hearing on the TRO application, the Court got the parties to agree to targeted discovery and computer forensic work, and ordered Yatskov not to do anything with any electronic files in his possession that contained information obtained from Tesla. Dkt. No. 25. The Court expressly stated that it would hold the TRO application "in abeyance" pending further order, and left all questions about the merits of Tesla's claims for another day. *Id*. That day did not come to pass in this forum because the case was ordered to arbitration based on the employment agreement between the parties. Dkt. No. 52.

　　　　Yatskov construes these developments to mean that he "won" the TRO battle and now requests $120,660.50 in attorneys' fees and costs as the prevailing party. Dkt. No. 56. The request is denied.

　　　　The reasons for the denial are straightforward. The hook for Yatskov's request is a clause in a non-disclosure agreement (NDA) that Tesla sought to enforce in the TRO application. Dkt. No. 56 at 4. The NDA is governed by California law and contains a fee-shifting provision which states that "[i]f Tesla substantially prevails in any action brought to enforce this NDA, Tesla will recover its costs of enforcement from Applicant, including reasonable attorney fees." Dkt. No. 56-

Ex. B §§ 7, 10. Yatskov's theory is that Cal. Civ. Code § 1717 makes the fee-shifting clause bilateral as a matter of law, and that he was the substantially prevailing party with respect to the TRO. *See* Dkt. No. 56 at 4-6.

The point is not well taken. To start, as the minute order makes plain, the Court expressly declined to decide the TRO application or anything about the merits of Tesla's claims. *See* Dkt. No. 25. The Court stated that the application would be held "in abeyance," which means in common usage that it was left in a state of temporary inactivity or suspension. *See id.*; Merriam-Webster Dictionary, *https://www.merriam-webster.com/dictionary/abeyance* (last viewed Feb. 8, 2023). In effect, the Court suspended a decision on the TRO application until the discovery and forensic work was completed. The case then went to arbitration. Dkt. No. 52. In these circumstances, neither side can be said to have prevailed.

In addition, Cal. Civ. Code § 1717(b) provides that the Court may make a prevailing party determination and award fees "whether or not the suit proceeds to final judgment," *id.*, but "only upon final resolution of the contract claims." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995); *see also Chen v. Valstock Ventures, LLC*, 81 Cal. App. 5th 957, 973 (2022) (section 1717 fees may "be awarded only at the conclusion of all litigation in a case, either in a final judgment or some other final disposition."). That point has not been reached here. Yatskov says that has Tesla abandoned the NDA-based claims in arbitration, but the record indicates that Tesla submitted breach of contract claims for the NDAs in its arbitration demand. *See* Dkt. No. 56-1 Ex. K ¶¶ 48-53; Dkt. No. 57 at 2.

If Yatskov ultimately prevails on the contract claims, on the merits or otherwise, he will have a full opportunity to seek fees and costs in the arbitration. *See Moore v. First Bank of San Luis Obispo*, 22 Cal. 4th 782, 786-87 (2000). This Court is in no position to usurp that role.

**IT IS SO ORDERED.**

Dated: February 8, 2023

_____
JAMES DONATO
United States District Judge